UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY E. JACKSON,

Plaintiff,

v.

OAKLAND SCHOOLS,

Defendant.

Case No. 26-12109
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

## ORDER FOR PLAINTIFF TO ADDRESS HER CAPACITY TO SUE

Plaintiff Tiffancy E. Jackson, proceeding pro se, filed suit in Oakland County Circuit Court on behalf of her daughter, Taylor Jackson, against Oakland Schools, alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* ECF No. 1-1. After Oakland Schools removed this matter to this Court, the Honorable Mark A. Goldsmith referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 1; ECF No. 5. During a July 22, 2026, scheduling conference, the Court noted that plaintiff cannot bring this action on behalf of Taylor, who plaintiff said recently turned 18 years old.

First, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). If Taylor is legally incapacitated, and thus "lacks the capacity to bring suit for [herself]," plaintiff must establish legal guardianship to sue on Taylor's behalf. *Berrios v. New York City Hous. Auth*., 564 F.3d 130, 134 (2d Cir. 2009); *see also* Rule 17(c)(1)(A).

And plaintiff may not represent Taylor here even if she were Taylor's guardian. "Federal law allows parties to 'plead and conduct their own cases personally or by counsel.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting 28 U.S.C. § 1654). But § 1654 does not permit a pro se party to represent another person in federal court, even her own children. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass* , 788 F.3d at 230 (cleaned up).

At plaintiff's request during the conference, the Court will give her a month to address the capacity-to-sue and representation issues raised here. Plaintiff stated an intent to have Taylor added to the case. But plaintiff also described Taylor as having a learning disability. So the Court emphasized to plaintiff that the Federal Rules of Civil Procedure, the local

rules, and the ADA laws are complicated, and referred plaintiff to the Court's pro se clinic (313-234-2690).

The Court will hold another status conference on **August 21, 2026**, at **11:00 a.m.**  If plaintiff has not cured the capacity-to-sue and representation defects by then, this Court will recommend that her complaint be dismissed.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: July 23, 2026                    United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

4