UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY E. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND SCHOOLS,<br><br>Defendant. | Case No. 26-12109<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING MOTION TO AMEND THE COMPLAINT (ECF NO. 12) AND TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. Introduction

Plaintiff Tiffany E. Jackson, proceeding pro se, filed suit in Oakland County Circuit Court on behalf of her daughter, Taylor Jackson, against Oakland Schools, alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* ECF No. 1-1. After Oakland Schools removed the matter to this Court, the Honorable Mark A. Goldsmith referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1). ECF Nos. 1, 5.

During a July 2026 scheduling conference, Tiffany indicated that her daughter turned 18 years old after the filing of the complaint but has a learning disability. Both during the conference and in an order that followed, the Court noted that Tiffany cannot bring this action on behalf of Taylor. *See* ECF No. 10. If Taylor "lacks the capacity to bring suit for [herself]," plaintiff must establish legal guardianship to sue on her behalf. *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *see also* Fed. R. Civ. P. 17(c)(1)(A). And even that would "not alter the principle embodied in [28 U.S.C.] § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not [her]self an attorney, [s]he must be represented by an attorney in order to conduct the litigation." *Berrios*, 564 F.3d at 134.

The Court gave Tiffany thirty days to cure the defects in her complaint. ECF No. 10. In response to the Court's order, Tiffany and Taylor moved to amend the complaint to add Taylor as a plaintiff. ECF No. 12. The Court held a status conference with the parties on August 21, 2026, during which both Tiffany and Taylor Jackson appeared, Tiffany explained that her efforts to secure legal representation for her daughter have so far been unfruitful, and the Court reiterated its concerns.

## II. Order Denying Motion to Amend the Complaint

The filing before the Court is defective.[1] First, it is entitled "Plaintiff's Motion to Amend the Complaint for a Civil Case," but it is signed by Taylor Jackson. ECF No. 12. And despite its label as a motion, the document is in the format of a complaint. *See id.* The allegations closely track those in the original complaint. *Id*. The first paragraph appears to be written from Tiffany's perspective. *Id*., PageID.41 ("The original complaint was filed by Tiffany E. Jackson on behalf of my minor child Taylor Janae Jackson."). But later, the allegations purport to be made by Taylor in the first person. *Id.*, PageID.42 ("The public-school district had written me off" and "My mother and I need to be compensated for the humiliation, the in convenience [*sic*] and for being abused at the hands of those who stands [*sic*] in a position to support the student body.").

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading." A non-party may only participate in an action upon the filing of "a formal motion to intervene." *Recht v. MGM Studio, Inc.*, No. 08-06612-RGK, 2008 U.S. Dist. LEXIS 131020, at *4 (C.D. Cal. Nov. 17, 2008) (striking an amended complaint filed by a non-party as an improper

[1] These deficiencies illustrate the Court's concerns regarding non-attorney representation.

attempt to intervene); *see also Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000) ("A nonparty cannot on its own motion join as a party…."). Because Taylor is not a party to this action, she cannot amend the complaint. Thus, the motion to amend the complaint (ECF No. 12) is **DENIED**.

## III. Order to Show Cause

Tiffany Jackson is the only plaintiff in the operative complaint, but she has no standing to sue. To have standing to sue in federal court, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." *Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) (quoting *Ward v. Alternative Heather Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001)). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc., v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Here, the complaint alleges that Oakland Schools discriminated against and violated the rights of Taylor, not Tiffany. And while Tiffany asserts that she too needs to be compensated for the humiliation, inconvenience, and "abuse," courts have held that parents lack standing to pursue claims under the ADA based on violations of their child's rights. *See, e.g.*, *Sorah v. Tipp City Exempted Vill. Sch. Dist. Bd. of Educ.*, 611 F. Supp. 3d 441, 450 (S.D. Ohio 2020) (finding allegations regarding consequential damages, in the form of lost wages and emotional distress, insufficient to confer standing on a parent under the ADA); *Burton v. Cleveland Heights-Univ. Heights City Sch. Dist. Bd. of Educ.*, No. 1:17 cv 134, 2017 U.S. Dist. LEXIS 161006, at *9-11 (N.D. Ohio Sept. 29, 2017) (finding that a parent lacked standing under the ADA in the absence of allegations she "herself was discriminated against or denied benefits or services based on [her child]'s disabilities").

Thus, the Court **ORDERS** Tiffany to **SHOW CAUSE**, in writing, by September 25, 2026, why this case should not be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 26, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager